1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KATHRYN A. ELLIS, as Trustee for the Bankruptcy Estate of Diane Renee Erdmann, <br><br> Plaintiff, <br> v. <br><br> BUCKNELL SATO LLP fka Becknell Stehlik Sato and Orth LLP, a Washington limited liability partnership, <br><br> Defendant. | CASE NO. 20-5940 RJB <br><br> Adversarial Case No. 20-04036 BDL <br><br> Bankruptcy Case No. 19-41238 MJH <br><br> ORDER ON MOTION TO WITHDRAW THE REFERENCE |

This matter comes before the Court on Defendant Bucknell Sato LLP's ("Bucknell") Motion for Withdrawal of Reference. Dkt. 1-1. The Court has considered the pleadings filed regarding the motion and the remaining record.

For the reasons provided below, the Defendant's motion to withdraw the reference from the bankruptcy court (Dkt. 1-1) should be denied without prejudice, to be renewed, if appropriate when the case is ready for trial.

ORDER - 1

1    This case is an adversarial proceeding arising from a bankruptcy case filed on April 18,

2    2019 by Diane Renee Erdman.  Dkt. 1-1.  The trustee of Ms. Erdman's bankruptcy estate

3    ("Trustee") filed this case against the Defendant seeking avoidance of transfers asserted to be

4    fraudulent or otherwise improper.  *Id.*

5    Defendant filed its Answer to the Complaint on July 31, 2020.  It demanded a jury trial

6    and also refused to consent to the bankruptcy court entering final orders or holding a jury trial.

7    Defendant now moves for withdrawal of the reference.  Dkt. 1-1, at 5-12.  The Trustee

8    opposes the motion.  Dkt. 1-1, at 24-33.

9    On September 17, 2020, the bankruptcy court issued a recommendation that this Court

10   deny the motion to withdraw the reference until the case is ready for trial.  Dkt. 1-1, at 41-44.

11   **DISCUSSION**

12   A district court may withdraw a reference to a bankruptcy court "for cause shown."  28

13   U.S.C. § 157(d).  In deciding whether cause exists to withdraw the reference, a district court

14   should consider "the efficient use of judicial resources, delay and costs to the parties, uniformity

15   of bankruptcy administration, the prevention of forum shopping and other related factors."

16   *Vacation Village, Inc. v. Clark County, Nev.,* (*In re CEH Props., Ltd.*), 497 F.3d 902, 914 (9th

17   Cir. 2007).

18   The recommendation of the bankruptcy court, which is attached to this order for ease of

19   reference, should be adopted and the motion to withdraw the reference (Dkt. 1-1) should be

20   denied.  Further, declining to withdraw the reference at this point in the case is the most efficient

21   use of judicial resources and there is no significant delay or costs to the parties.  *Vacation*

22   *Village,* at 914.  It helps ensure uniform bankruptcy administration and prevents forum shopping.

23   *Id.*  The motion should be denied without prejudice.

24

## ORDER

It is **ORDERED** that:

- Defendant's Motion for Withdrawal of Reference  (Dkt. 1-1) **IS DENIED WITHOUT PREJUDICE**; and

- This case is **RE-REFERRED** to U.S. Bankruptcy Judge Brian D. Lynch.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 1st day of October, 2020.

ROBERT J. BRYAN
United States District Judge

ORDER - 3